IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LATANYA MILES,** on behalf of herself and all others similarly situated, | ) ) ) CASE NO. |
| Plaintiff, | ) ) |
| v. | ) ) **COLLECTIVE AND CLASS ACTION** |
| **VARIETY WHOLESALERS, INC.,** | ) **COMPLAINT** |
| Defendant. | ) ) **JURY DEMAND ENDORSED HEREON** |

Plaintiff, Latanya Miles[1] ("Plaintiff"), by and through counsel, for her Complaint against Defendant Variety Wholesalers, Inc. ("Defendant"), states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as Ohio wage and hour law.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of [herself] and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

3. Plaintiff also brings this case as a class action, pursuant to Ohio Revised Code ("O.R.C.") § 4111.03 *et seq.* and Fed. R. Civ. P. 23, on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio law (the "Ohio Class").

---

[1] Plaintiff is also known as Latanya Brown.

4. Plaintiff brings her claims on behalf of all other current and former similarly situated hourly employees of Defendant in the United States during the preceding three (3) years and through the conclusion of this Action ("Retail Employees").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

7. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b), because Defendant conducts significant business in this district and division, and that conduct gives rise to this action.

## PARTIES

8. At all times relevant, Plaintiff was a citizen of the State of Ohio. Plaintiff worked for Defendant as a non-exempt hourly employee within this district and division. Specifically, Plaintiff worked as an hourly sales rep. from approximately May 2017 to September 2018, primarily at Defendant's North Randall, Ohio location. Plaintiff's hourly rate was approximately $9.00 to $11.40 per hour. Plaintiff's Consent to Join form is attached as **Exhibit A**.

9. Defendant is a foreign corporation that conducts business in this district and division. Defendant can be served at its registered agent: Corporation Service Company, at 50 West Broad Street, Suite 1330, Columbus, OH 43215.

## FACTUAL ALLEGATIONS

### Defendant's Status as an "Employer"

10. Defendant "operates nearly 400 retail stores throughout the Southeast [United States], primarily under the Roses and Roses Express banners."[2]

11. Defendant also advertises the business names of "Maxway," "Super 10," "Bargain Town," "Bill's dollar store," and "Super Dollar."[3]

12. Defendant is "one of the largest privately-owned companies in the United States," and "is based in Henderson, North Carolina."[4]

13. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and O.R.C. § 4111.03.

14. Defendant's hourly employees include Plaintiff, the Opt-Ins, and the Ohio Class.

15. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

### Defendant's Failure to Pay All Overtime Earned

16. Plaintiff and other Retail Employees regularly worked more than 40 hours in a single workweek, entitling them to overtime compensation under the FLSA.

17. Plaintiff and other Retail Employees were not paid for all the overtime compensation they earned.

18. Defendant had and has a company-wide policy of taking excessive measures to reduce overtime paid to hourly employees in order to stay within budget.

---

[2] https://www.rosesdiscountstores.com/contact-us (last viewed 7/25/19).
[3] https://www.rosesdiscountstores.com/about-us-index (last viewed 7/25/19).
[4] *Id.*

3

19. Defendant has a company-wide policy of altering hours worked to bring weekly hours down to or below 40 in order to stay under budget, thereby violating the FLSA and Ohio law by failing to pay all overtime earned.

20. Such altering further violates the FLSA and Ohio law by failing to keep accurate records of hours worked.

21. Defendant has a company-wide policy of suffering and permitting Plaintiff and other Retail Employees to work through unpaid lunch breaks. This practice is goes as far as Defendant clocking the respective employee out for lunch or later adjusting weekly hours to reflect unpaid lunches, even though the employee otherwise worked through the lunch.

22. Additionally, if a non-exempt hourly employee, such as Plaintiff and Retail Employees, took rest break that lasted more than 10 or 15 minutes, Defendant has a company-wide policy of clocking the employee out for the period of the short rest break. Therefore, Defendant failed to pay short rest periods of 20 minutes or less which are otherwise compensable under the FLSA and Ohio law.

### Defendant's Willfulness

23. Defendant's violations described herein were knowing and willful. For example, as mentioned above, Defendant was motivated to stay within budget.

24. Additionally, during relevant times, Defendant's retail stores were largely understaffed, creating the atmosphere of necessitating Plaintiff and Retail Employees to work more than 40 hours in a workweek and to work through unpaid lunch breaks.

25. Additionally, Plaintiff complained to managers about not being paid all compensation earned, at which time she was told that the company policy is "no overtime."

26. Furthermore, Plaintiff expect discovery to reveal that the unlawful conduct described herein was discussed during conference calls, in emails, and other communications.

27. Defendant's willful and knowing conduct of adjusting or altering hours worked to reduce its overtime obligations violated the FLSA and Ohio law.

28. Defendant's willful and knowing conduct of suffering and permitting Retail Employees to work through unpaid lunch breaks resulted in the underpayment of overtime and violated the FLSA and Ohio law.

29. Defendant's willful and knowing conduct of not paying Retail Employees for all short rest breaks of 20 minutes or less resulted in the underpayment of overtime and violated the FLSA and Ohio law.

30. Plaintiff and Retail Employees worked a substantial number of uncompensated hours during the three-year period immediately preceding the filing of this Complaint, which has resulted in significant unpaid overtime.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

33. The Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> **All present and former hourly employees employed by Defendant at any of its retail stores within the United States**

> **who worked at least 40 or more hours in any workweek during the period measured from three (3) years preceding the commencement of this action to the present.**

34. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay its employees for all hours worked, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

35. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

36. Plaintiff cannot yet state the exact number of similarly-situated persons, although it is estimated to be a class consisting of hundreds, and possibly thousands, of employees. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> **All present and former hourly employees employed by Defendant at any of its retail stores within the United States who worked at least 40 or more hours in any workweek during the period measured from two (2) years preceding the commencement of this action to the present.**

6

39. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that it consists of at least 40 to possibly hundreds of people. The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, or was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. §215.2; Ohio Const. art. II, § 34a; and O.R.C. § 4111.14(G).

40. There are questions of law or fact common to the Ohio Class, including but not limited to:

   a. Whether Defendant failed to pay Plaintiff and other class members for all hours worked in excess of 40 in a workweek;

   b. Whether Defendant altered hours worked; and

   c. Whether Defendant suffered and permitted Plaintiff and other class members to work through short rest periods of 20 minutes or less.

41. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

42. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

43. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine

Defendant's liability to the class are common to the class as a whole, and predominate over any questions affecting only individual class members.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Opt-Ins who have joined or will join this case pursuant to 29 U.S.C. §216(b).

47. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

48. Defendant failed to pay Plaintiff and the Opt-Ins overtime compensation for all hours worked in excess of 40 in a workweek.

49. Instead, Defendant has a policy that applies to all Retail Employees in which it alters or adjusts weekly hours, suffers and permits employees to work through unpaid lunches, and does not pay for all compensable short rest breaks of 20 minutes or less. This routinely

resulted in Plaintiff and other similarly situated Retail Employees working hours for which they were not compensated.

50. Defendant's practices resulted in Plaintiff and other similarly situated Retail Employees receiving less overtime compensation than they were owed.

51. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

52. As a result of Defendant's violations of the FLSA, Plaintiff and other similarly situated Retail Employees were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. Section § 216(b) of the FLSA entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03, on behalf of herself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

55. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

56. Defendant violated the Ohio overtime compensation statute, O.R.C. § 4111.03, by failing to pay all overtime compensation earned to its hourly workers including Plaintiff and the Ohio Class.

57. Specifically, Defendant has a policy that applies to all Retail Employees in which it alters or adjusts weekly hours, suffers and permits employees to work through unpaid lunches, and does not pay for all compensable short rest breaks of 20 minutes or less. This routinely resulted in Plaintiff and other similarly situated Retail Employees working hours for which they were not compensated.

58. Defendant's practices resulted in Plaintiff and other similarly situated Retail Employees receiving less overtime compensation than they were owed.

59. By engaging in these practices, Defendant willfully violated Ohio law and regulations thereunder that have the force and effect of law.

60. Defendant's violations of O.R.C. § 4111.03 injured Plaintiff and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

61. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated §4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins, and the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins, and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages permitted by law;

E. Award compensatory damages to Plaintiff, the Opt-Ins, and the Ohio Class pre and post judgment interest; and

F. Award Plaintiff his costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Date: <u>July 29, 2019</u>  Respectfully submitted,

<u>/s/ Robi J. Baishnab</u>
Robi J. Baishnab (0086195)
**NILGES DRAHER, LLC**
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
**NILGES DRAHER, LLC**
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
  sdraher@ohlaborlaw.com

*Counsel for Plaintiff*