IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LATANYA MILES**, *et al.*, on behalf of themselves and others similarly situated, | ) ) ) | CASE NO. 1:19-CV-001714-PAB |
| Plaintiffs, | ) ) | **JUDGE PAMELA A. BARKER** |
| v. | ) ) ) | **ORDER GRANTING APPROVAL OF FLSA SETTLEMENT** |
| **VARIETY WHOLESALERS, INC.**, | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on the Parties' Joint Motion for Approval of FLSA Collective Action Settlement ("Joint Motion") pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed FLSA Collective Settlement reached by Latanya D. Miles, Katrina L. Coleman, and Shalai M. Scott and Defendant Variety Wholesalers, Inc. (collectively, the "Parties") and memorialized in the Collective Action Settlement Agreement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit 1.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Robi J. Baishnab, the Declaration of Michael P. Karst, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order Approving the FLSA Collective Action Settlement, the Agreement, the proposed Service Awards to the Named Plaintiffs, and the proposed attorneys' fees and expense reimbursements to Plaintiffs' Counsel, as follows:

1. Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Settlement Agreement.

2. On July 29, 2019, Named Plaintiff Latanya Miles filed this Action in the United States District Court for the Northern District of Ohio, on behalf of herself and a putative class of

alleged similarly situated employees, in which Named Plaintiff Miles asserted collective and class claims alleging, inter alia, that Defendant failed to pay her and all similarly situated employees overtime for all hours worked in excess of 40 in a workweek in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and Ohio Revised Code ("O.R.C.") § 4111.03 *et seq*.[1]

3. On August 29, 2019, a First Amended Complaint was filed adding Katrina L. Coleman, and Shalai M. Scott as Named Plaintiffs and adding collective and class minimum wage claims pursuant to Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111 *et seq*., and the Ohio Constitution, Oh. Const. Art. II, §34a.[2]

4. On September 12, 2019, Defendant filed its Answer to the First Amended Complaint, in which it denied and continues to deny all material allegations asserted in the Action, further denied that it violated the FLSA or any other law, and asserted numerous affirmative defenses to those claims.[3]

5. On January 28, 2020, the Parties filed a Joint Motion to Stay Case Deadlines pending mediation.[4]

6. On April 8, 2020, the Parties participated in mediation before third-party neutral Mike Ungar, which was unsuccessful, but the Parties continued to negotiate.[5]

7. On June 8, 2020, the Court approved the Parties' Joint Proposed Stipulation to Conditional Certification and Notice. Additionally, Count Three of the First Amended Complaint seeking relief pursuant to Ohio Revised Code § 4111.03, as well as Named Plaintiffs' related

---

[1] ECF No. 1.
[2] ECF No. 4.
[3] ECF No. 6.
[4] ECF No. 16.
[5] ECF No. 18.

request for class certification under Rule of Civil Procedure 23, were dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).[6] Notice was sent to approximately 2,658 putative collective class members consisting of current and former hourly non-supervisor employees employed by Variety Wholesalers, Inc. at any of its retail stores in Ohio and/or at Store #648, located at 885 Dennison Ave, Suite 102, Birmingham, Alabama, since July 29, 2016.[7] The issued Consent to Join form included four questions concerning alleged unpaid work time, and answering "No" to each question prevented the employee from joining the collective.[8]

8. The 60-day opt-in period closed on August 21, 2020, by which time 212 individuals who were not disqualified by their answers on the Consent to Join form joined, making the total number of party-plaintiffs 219; and for which Defendant produced pay and time data. The Parties continued to discuss settlement and discovery.[9]

9. On October 9, 2020, the Parties appeared before the Court for a telephonic Case Management Scheduling Conference.[10]

10. The Parties, by and through their respective counsel, reached an agreement and filed their Joint Notice of Settlement on November 2, 2020.[11] The terms of settlement, which are reflected in the Agreement fully and finally settles and resolves this action and result in the dismissal of this lawsuit, with prejudice.

---

[6] ECF Nos. 21 and 22.
[7] ECF Nos. 22 at ¶ 1; 21-1 at PageID #: 105.
[8] *See e.g.* ECF No. 21-1 at PageID #: 107.
[9] ECF No. 36 at PageID #: 380.
[10] *See* ECF Nos. 39 to 40.
[11] ECF No. 41.

11. The FLSA Collective Action Settlement will cover the individuals listed in Exhibit A of the Settlement Agreement.

12. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Though mediation was not initially successful, settlement was facilitated with the help of mediation before a third-party neutral. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Named Plaintiffs and the Settlement Collective. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

13. The Court approves the Agreement and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The releases, as set forth in the Agreement, as well as all terms of the Agreement, shall be binding on the Named Plaintiffs and the Settlement Collective. The Court grants final approval of the FLSA Collective Action Settlement.

14. The Court finds that the proposed allocation and calculation of the settlement payments to the Settlement Collective are fair and reasonable, and approves the proposed distribution of the settlement payments.

15. The Court dismisses this matter with prejudice and enters final judgment. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

- 6 -

16. The Court retains jurisdiction over this Action to enforce the terms of the Settlement, including the notice administration and distribution process.

**SO ORDERED:**

Date: 12/11/2020

*Pamela A. Barker*
Honorable Pamela A. Barker
United States District Judge